

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

# LETTER OPINION

September 17, 2009

Jay Joseph Friedrich
The Dolphin House
203 Godwin Avenue
Ridgewood, New Jersey 07450
    (*Attorney for Plaintiffs*)

Dena B. Calo
John C. Petrella
Genova, Burns & Vernoia, Esqs.
494 Broad Street
Newark, New Jersey 07112
    (*Attorneys for Defendant Verizon Communications*)

Louis P. DiGiaimo
Mee Sun Choi
Randi F. Knepper
McElroy, Deutsch, Mulvaney & Carpenter, LLC
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
    (*Attorneys for Defendant Metropolitan Life Insurance Company*)

    RE:    **Santana v. Verizon Communications, et al.**
             **Civ. No. 09-1427 (WJM)**

Dear Counsel:

This matter comes before the Court on the motions to dismiss filed by Defendant

Verizon New Jersey Inc. ("Verizon")[1] and Defendant Metropolitan Life Insurance Company ("MetLife").  There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motions to dismiss are **GRANTED**; however, Plaintiffs are granted leave to amend their complaint to replead Counts Four and Five as causes of action arising under the Employee Retirement Income Security Act ("ERISA").

## I.    BACKGROUND

Plaintiff Claudia Santana was employed as a bilingual consultant by Defendant Verizon from November 1999 through November 30, 2008.  (Compl. ¶ 44.)  Plaintiff Juan Santana is Claudia Santana's husband.  (Compl. ¶ 1.)  During the last year of her employment, Claudia Santana suffered a stroke, and the events giving rise to the instant litigation ensued.

The complaint makes the following allegations:  After her stroke, Claudia Santana's doctor determined that she could not return to work immediately.  (Compl. ¶ 18.)  Santana then filed for temporary disability payments, which were first denied by Verizon's disability plan claim administrator, Defendant MetLife. (Compl. ¶ 19.)  At some point, however, MetLife began making temporary disability payments to Santana.  (*Id.*)

Claudia Santana's doctors later approved her return to her bilingual consultant position with certain accommodations. (Compl. ¶ 20.)   While MetLife allegedly approved these accommodations, Verizon refused to grant them and instead demoted Santana.  (Compl. ¶¶ 20-21, 25-25, 28.)  After learning that Verizon was not providing the authorized accommodations, MetLife chose not to re-open her claim and did not place her back on disability.  (Compl. ¶ 30.)

After her return to Verizon, Santana alleges that her supervisor demeaned her by, *inter alia*, "placing her behind a desk without any work to perform." (Compl. ¶ 34.)  At some point, the humiliation and intimidation allegedly inflected by this supervisor caused Santana to suffer another unspecified illness on the job, which resulted in her being taken by ambulance to a local hospital.  (Compl. ¶¶ 34, 77.)  Following this incident, Santana filed for temporary disability payments; however, MetLife refused to grant her request.  (Compl. ¶ 91.)  Santana never returned to work, and her employment was terminated by Verizon on November 17, 2008.  (Compl. ¶ 93.)

---

[1] Defendant Verizon represents that the proper defendant in this action is "Verizon New Jersey Inc.," not "Verizon Communications."  *See* Docket Entry No. 20.

Plaintiff Santana then filed the instant complaint in the New Jersey Superior Court asserting nine state law causes of action: (1) violation of the New Jersey Law Against Discrimination; (2) breach of contract; (3) hostile work environment; (4) "temporary disability"; (5) breach of disability insurance contract; (6) wrongful termination; (7) loss of consortium; (8) unlawful discharge against employee claiming compensation benefits; and (9) the *Pierce* doctrine.[2] Santana asserts all nine counts against Defendant Verizon and Counts One through Five and Seven though Nine against Defendant MetLife. With the consent of Defendant MetLife, Defendant Verizon removed this action to federal court.

## II. DISCUSSION

Defendants MetLife and Verizon each have filed motions to dismiss. Defendant MetLife argues that all causes of action asserted against it are preempted by ERISA, or in the alternative fail to state a claim. Defendant Verizon joins in MetLife's ERISA preemption argument as to Counts Four and Five.

### A. Standard of Review

In evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.[3] *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

---

[2] A *Pierce* doctrine claim asserts wrongful discharge in violation of public policy and derives its name from the seminal New Jersey Supreme Court case, *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 417 A.2d 505 (1980).

[3] Plaintiff Claudia Santana's certification, submitted with Plaintiffs' opposition briefing, does not fall within the categories of documents that may be considered on a motion to dismiss. Through her certification, Plaintiff Santana seeks to amplify the factual allegations in her complaint. This is beyond the scope of what the Court may entertain here. As such, the Court will not consider the Santana Certification for the purpose of this motion.

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

### B.   Removal Jurisdiction – Complete Preemption

The threshold question presented by this action is whether the Court has jurisdiction over Plaintiff's complaint, which both lacks diversity and raises only state law claims. Under the removal statute, any civil action filed in state court may be removed by defendants to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Where diversity of citizenship does not exist – as it does not here – a state court defendant may remove any civil action founded on a claim or right that arises under federal law to federal court. 28 U.S.C. § 1441(b).

Under the "well-pleaded complaint" rule, a plaintiff is "ordinarily entitled to remain in state court so long as the complaint does not, on its face, affirmatively allege a federal claim." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004). Although this rule would seem to bar removal of the instant action, the Supreme Court has identified a narrow class of cases to which the rule does not apply: "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 (2003); *see also Pascack Valley*, 388 F.3d at 399 ("As a corollary of the well-pleaded complaint rule, complete preemption recognizes that Congress may so preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.") (citation omitted).

ERISA is one statute with "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Pascack Valley*, 388 F.3d at 399-400 (quoting *Davila*, 542 U.S. at 209). Specifically, the Supreme Court has held that the complete preemption doctrine applies to state law causes of action that fall within the scope of ERISA's civil enforcement provision, Section 502. *Id.*

Section 502(a)(1)(B) states that "[a] civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In interpreting the scope of this section, the Supreme Court explained that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

Thus, the question in the instant case is whether any of Plaintiffs' claims fall under the broad preemptive scope of Section 502(a). After a review of Plaintiffs' pleading, it is evident that Counts Four and Five – "temporary disability" and "breach of disability insurance contract" – are completely preempted by Section 502(a) of ERISA. In Count Four, Plaintiffs seek judgment "compelling MetLife to comply with the terms and conditions of the disability policy of insurance ... and determining that Claudia Santana is temporarily and or permanently disabled." *See* Compl. ¶ 94. Next in Count Five, Plaintiff demands "[p]ayment to Plaintiff [of] all disability payments which were due and payable from September 16, 2008." *See* Compl. ¶ 107. While brought as state causes of action, these counts seek to enforce Verizon's disability benefit plans and recover benefits – duplicating the civil enforcement remedy in Section 502.[4] As such, Counts Four and Five are completely pre-empted, rendering this Complaint properly removed.[5]

---

[4] In addition to seeking benefits due under the Plan, Plaintiff demands compensatory and punitive damages. The Third Circuit has found that a Plaintiff cannot defeat complete preemption by seeking punitive and compensatory damages in addition to ERISA plan damages. *See Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678-79 (3d Cir. 2000) (rejecting Plaintiff's argument that complete preemption is inapplicable since the compensatory and punitive damages requested are not listed in Section 502; "The relief Wood seeks is irrelevant to a determination of complete preemption. Complete preemption, like ordinary preemption, does not depend on the type of relief requested in a complaint.").

[5] The remaining state law claims in the Complaint are then before this Court pursuant to supplemental jurisdiction. 28 U.S.C. § 1367.

### C. Claims Asserted Against Defendant MetLife

Since the Court may exercise jurisdiction over this action, the next issue is whether Counts One through Five and Seven through Nine[6] of Plaintiffs' Complaint should be dismissed as to Defendant MetLife on either of the following bases: (1) express preemption by Section 514(a) of ERISA, 29 U.S.C. § 1144(a) or (2) failure to state a claim upon which relief may be granted.

*1. Express Preemption*

ERISA's express preemption clause, Section 514(a), states that the Act "shall supersede any and all State laws insofar at they ... relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). Thus, Section 514(a) displaces state law that "relates" to an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). In considering this section, the Supreme Court stated that the objective of the express preemption provision was "to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995).

Express preemption under Section 514(a) is analytically distinct from complete preemption, as discussed above. While ERISA's complete preemption clause is jurisdictional and confers federal question jurisdiction over an action, express preemption is a substantive defense to be applied after the Court establishes jurisdiction. The Third Circuit has explained this somewhat murky distinction in the following manner: "Unlike the scope of § 502(a)(1)(B), which is jurisdictional and creates a basis for removal to federal court, § 514(a) merely governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court." *Lazorko v. Penn. Hospital*, 237 F.3d 242, 248 (3d Cir. 2000). Thus, where Section 514(a) applies so too does federal law. To the extent that a claim falling under Section 514(a) is not pled under federal law, it is preempted by ERISA.

As discussed above, in Counts Four and Five – "temporary disability" and "breach of disability insurance contract" – Plaintiffs demand enforcement of and benefits due under Verizon's disability benefit plans. Accordingly, they reference the plans and fall under the preemptive force of Section 514(a). Thus, Counts Four and Five are dismissed as expressly preempted by ERISA. This dismissal is without prejudice, and Plaintiffs shall have twenty days to amend their complaint to replead Counts Four and Five as ERISA causes of action.

---

[6] Count Six of the Complaint is asserted against Defendant Verizon only.

6

### 2. Failure to State a Claim

The remaining counts asserted against MetLife – employee discrimination, breach of contract, hostile work environment, loss of consortium, unlawful discharge against employee claiming compensation benefits, and *Pierce* doctrine – are dismissed for failure to state a claim upon which relief may be granted.

Most notably, the tortious conduct alleged in each of these counts pertains only to Verizon. Counts Seven, Eight, and Nine – loss of consortium, unlawful discharge against employee claiming compensation benefits, and *Pierce* doctrine – contain no specific allegations regarding MetLife outside of the *ad damnum* clauses in which Plaintiffs seek relief. As such, Plaintiffs' pleading fails to provide the requisite factual content from which to infer that Defendant MetLife is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Further, Counts One, Two, and Three – employee discrimination, breach of contract, hostile work environment – each allege tortious acts only by Defendant Verizon and its "agents, servants and employees." *See* Compl. ¶ 59 (Count One); ¶¶ 67, 72 (Count Two); ¶¶ 75-76, 77-78 (Count Three). Plaintiffs, however, do not allege that MetLife is an agent, servant, or employee of Verizon. In addition, Plaintiffs do not allege that Claudia Santana was an employee of MetLife.

Plaintiffs attempt to rectify these deficiencies through broad assertions in their brief as to the knowledge and culpability of Defendant MetLife; however, these allegations in the brief are extrinsic to the complaint and cannot be considered on a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). For example, Plaintiffs state: "As to Point III, the discrimination claim should be permitted to proceed against MetLife, it has been established that MetLife did aid Verizon permitting Verizon to terminate this disabled employee." (Pl.'s Br. 4.) This sweeping assertion is unsupported by the factual allegations in the complaint. Plaintiffs do not allege in their complaint that MetLife had any supervisory role over Claudia Santana or any role in Verizon's decision to terminate Santana's employment. Further, Plaintiffs do not allege any discriminatory animus in MetLife's alleged failure to process Santana's disability claim properly.

As such, Plaintiffs allege no wrongful acts by MetLife[7] in Counts One though

---

[7] Plaintiffs mention Defendant MetLife only three times in Counts One through Three and in each instance, fail to allege any wrongful act. Instead, Plaintiffs plead that MetLife determined that Santana required accommodations to return to work. *See* Compl. ¶¶ 49, 50, 64. This allegation fails to state a discrimination, breach of contract, or hostile work environment claim

Three and Seven through Nine of the complaint.  Accordingly, Plaintiffs have failed to plead factual allegations that render their right to relief "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and these counts are dismissed.[8]

### D. Claims Asserted Against Defendant Verizon

Defendant Verizon's motion to dismiss solely pertains to Counts Four and Five – temporary disability and breach of disability insurance contract.  In its motion papers, Verizon stated its intent to rely on the arguments set forth in Defendant MetLife's brief.  For the reasons set forth above, the Court finds that Counts Four and Five are expressly preempted by ERISA.  *See* Part II.C.1.  The rationale for finding these counts preempted as to Defendant MetLife applies with equal weight to Defendant Verizon.  Accordingly, Counts Four and Five are dismissed as to Verizon.   This dismissal is without prejudice, and Plaintiffs shall have twenty days to amend their complaint to replead Counts Four and Five as ERISA causes of action.

### III. CONCLUSION

For the foregoing reasons, the motions to dismiss filed by Defendants Verizon and MetLife are **GRANTED**.  Counts One through Five and Seven through Nine are **DISMISSED** as to Defendant MetLife.  Counts Four and Five are **DISMISSED** as to Defendant Verizon.  In addition, Plaintiffs hereby are granted leave to amend their complaint to replead Counts Four and Five as causes of action arising under ERISA.  An Order accompanies this Letter Opinion.

**WILLIAM J. MARTINI, U.S.D.J.**

---

against Defendant MetLife.

[8] The Court notes that Defendant MetLife also moved to strike Plaintiffs' jury trial demand and request for damages "other than those permitted by ERISA." (Def.'s Br. 13.)  For the purposes of this motion, the Court will not address these requests, since they have been rendered moot by the dismissal of all claims brought against MetLife.